J-S13045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AYUB ABDULLAH | |
| Appellant | No. 2521 EDA 2016 |

Appeal from the PCRA Order June 22, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0205311-2006

BEFORE: BENDER, LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 03, 2017**

Appellant, Ayub Abdullah, appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends that the PCRA court erred in rejecting his claim that he timely filed his petition in light of ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). We affirm.

The PCRA court summarized the procedural history of this appeal as follows:

> On November 3, 2005, [Appellant] was arrested and charged with attempted murder, aggravated assault, and conspiracy to commit aggravated assault. From January 24 to February 1, 2007, a trial was held in the presence of a jury. The following facts were proven at trial: On October 31, 2005, [Appellant] and a group of ten other males approached the complainant, 13-year-old Jacob

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

Gray ("Gray") on Woodland Avenue and began punching him. After Gray fell to the ground, they proceeded to kick Gray until they were interrupted by a passing motorist and fled. As a result of the beating, Gray suffered a seizure and was in a coma for a period of time. On February 6, 2007, [Appellant] was found guilty of conspiracy to commit aggravated assault[, but acquitted of the remaining offenses]. On June 14, 2007, this [c]ourt sentenced [Appellant] to 5 to 10 years state incarceration plus 10 years probation on his conspiracy charge.[2] [Appellant] subsequently did not file a direct appeal.

On August 23, 2007, [Appellant] filed a *pro se* petition pursuant to the PCRA, raising claims based upon ineffective assistance of counsel, after-discovered evidence, and an excessive sentence. On January 23, 2008, Norman Scott, Esquire, was appointed as PCRA counsel. On July 17, 2008, Mr. Scott filed a letter pursuant to [**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*)], indicating that the issues raised in [Appellant]'s *pro se* petition were without merit. On that same day, this [c]ourt sent [Appellant] a notice pursuant to Rule 907, indicating that his petition would be dismissed on the basis of counsel's **Finley** letter. [Appellant] did not file a response to the 907 notice. On October 8, 2008, this [c]ourt dismissed [Appellant]'s petition without a hearing as being without merit. [Appellant] subsequently did not appeal the dismissal of his petition.

On October 16, 2015, [Appellant] filed the instant petition for relief pursuant to PCRA, alleging the retroactive application of a constitutional right. Specifically, [Appellant] argued that in [**Hopkins**] the Pennsylvania Supreme Court had held that 18 Pa.C.S.A. § 6317 was unconstitutional pursuant to [**Alleyne**]and that he was sentenced under a structurally similar statute, 42

---

[2] Appellant asserts that he was sentenced to five to ten years' imprisonment for conspiracy and five to ten years' imprisonment for aggravated assault, a charge on which he was acquitted. Appellant's Brief at 5. There is no support for Appellant's contention that he was sentenced for the charge of aggravated assault.

Pa.C.S.A. § 9712. [Appellant] further argued that the instant petition was timely as he had filed it within 60 days of the date the **Hopkins** opinion was made available on the computers at his correctional facility.

On May 27, 2016, this [c]ourt sent [Appellant] a notice pursuant to Rule 907, indicating that his petition would be dismissed as untimely and without merit. On June 14, 2016, [Appellant] filed a reply to this [c]ourt's 907 notice, again raising the argument found in his *pro se* petition. On June 22, 2016, after independent review of [Appellant]'s *pro se* petition and [Appellant]'s response to the 907 notice, this [c]ourt dismissed [Appellant]'s petition without a hearing as untimely and without merit. On July 21, 2016, [Appellant] appealed the dismissal of his petition to the Superior Court.

PCRA Ct. Op., 8/19/16, at 1-3. This appeal followed.

Appellant presents a single question on review challenging the PCRA court's determinations that his second PCRA petition was untimely filed and that his legality of sentence claim would not be cognizable in a timely filed petition. Appellant's Brief at 4. With respect to the timeliness of his petition, Appellant claims that "[t]he legality of sentence is a nonwaivable issue." **Id.** at 7. He sets forth several additional arguments that his sentence is illegal. **See id.** at 10-11. No relief is due.

Because the timeliness requirements of the PCRA are jurisdictional in nature, we first review the PCRA court's determination that Appellant's petition was untimely. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error."

***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014) (citation omitted). The PCRA time limitations are not subject to the doctrine of equitable tolling, and all claims, including legality of sentencing challenges, must be presented in a timely PCRA petition. ***Fahy***, 737 A.2d at 222-23.

Instantly, Appellant's judgment of sentence became final on July 16, 2007. ***See*** 42 Pa.C.S. § 9545(b)(3). Thus, his current petition, which was filed in October 2015, is untimely on its face. Appellant fails to develop a

meaningful argument that he met an exception under 42 Pa.C.S. § 9545(b)(1). **See** Appellant's Brief at 7.

In any event, Appellant's reliance on **Alleyne** and **Hopkins** is of no avail because the constitutional rights discussed in those cases have not been held to be retroactive by the Pennsylvania or United States Supreme Court, and do not apply to his sentence.[3] **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 995; **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (holding retroactive constitutional rule prohibiting mandatory life without parole sentences for minor offenders—set forth in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016)—provides no basis for an exception under Section 9545(b)(1)(iii) when the petitioner was older than eighteen when he committed the offense). Thus, we agree with the PCRA court that it lacked jurisdiction to address the merits of Appellant's claims. **See Fahy**, 737 A.2d at 222-23.

Order affirmed.

---

[3] To the contrary, the Pennsylvania Supreme Court has held that "**Alleyne** does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017